**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM HARRISON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STATE OF INDIANA, et al., )<br>)<br>Respondents. ) | No. 1:07-cv-1107-RLY-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of William Harrison ("Harrison") or a writ of habeas corpus is **denied** and this action is dismissed without prejudice. This disposition is compelled by the following facts and circumstances:

1. Harrison is in state custody and seeks a writ of habeas corpus with respect to the revocation of his parole on April 19, 2007. The revocation of his parole was based on the determination by the Indiana Parole Board that Harrison had violated a condition of his parole, though the Parole Board also concluded that Harrison also had not violated the conditions of his parole in other ways which had been alleged. Based on the violation of his parole, he was ordered to serve the balance of a sentence imposed for a drug offense on June 29, 2000. He was later found guilty and sentenced for other offenses.

2. Harrison argues that the revocation of his parole is invalid, but the pleadings and the expanded record show without dispute that he has not presented this argument to the Indiana state courts. In addition, the law is clear that (a) a challenge to the improper revocation of parole can be brought in the Indiana state courts through an action for post-conviction relief, *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."), and (b) "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

    3. Because Harrison has not exhausted his available state court remedies, this court cannot reach the merits of his habeas claims and this action must be dismissed without prejudice.

    Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 1//9/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana